■ In the Matter of JOHN J. CHARTERS III et al., Respondents, v GARY VEGLIANTE et al., Appellants. [768 NYS2d 616]—In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel Gary Vegliante, in his capacity as Mayor of the Incorporated Village of Westhampton Dunes and the Incorporated Village of Westhampton Dunes to provide, inter alia, the names, salaries, and civil service classification of employees of the Incorporated Village of Westhampton Dunes pursuant to the Freedom of Information Law (*see* Public Officers Law art 6), the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered December 10, 2002, which, upon an order of the same court entered July 3, 2002, inter alia, denying the motion of Gary Vegliante, in his capacity as Mayor of the Incorporated Village of Westhampton Dunes and the Incorporated Village of Westhampton Dunes to dismiss the petition, compelled them to provide the petitioners with the requested information.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which, in effect, is in favor of the

petitioners and against Gary Vegliante in his capacity as Mayor of the Incorporated Village of Westhampton Dunes; as so modified, the judgment is affirmed, without costs or disbursements, the petition is dismissed insofar as asserted against the respondent Gary Vegliante, the proceeding against the remaining respondent is severed, and the order dated July 3, 2002, is modified accordingly.

Contrary to the petitioners' contention, their service of the notice of petition and petition upon Gary Vegliante was insufficient to constitute proper service (*see* CPLR 308). Accordingly, the Supreme Court improperly denied that branch of the appellants' motion which was to dismiss the petition insofar as asserted against Vegliante for improper service.

The Supreme Court properly directed the respondent Incorporated Village of Westhampton Dunes to provide the petitioners with the information they requested (*see* Public Officers Law §§ 84, 87 [3] [b]; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80 [1984]; *Matter of Fink v Lefkowitz,* 47 NY2d 567 [1979]).

The appellants' remaining contentions are without merit. Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.